UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

WENDY DANIENE LUTTRELL,                                 1:12-cv-2180-TC

Plaintiff,

ORDER

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

COFFIN, Magistrate Judge:

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income benefits.

Plaintiff asserts disability beginning December 31, 2007, due to bipolar disorder, panic disorder, obsessive compulsive disorder, cognitive disorder, seizures, depression, anxiety, asthma COPD and epilepsy. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled. Plaintiff contends the ALJ erred in: (1) rejecting the opinions of plaintiff's treating and examining physicians in favor of his own opinion; (2) failing to consider the combined effect of plaintiff's impairments; and (3) relying on vocational opinion based on an incomplete

Page 1 - ORDER

hypothetical.

Although plaintiff asserts disability beginning December 31, 2007 based, in part, on severe mental impairments, she did not seek mental health counseling until August of 2008. At that time, she reported suicidal thoughts and a history of suicide attempts. Tr. 468. She also reported use of methamphetamine about two years prior. Tr. 468

Plaintiff underwent a psychological evaluation performed by Dr. Stephen Tibbitts on December 5, 2008. Tr. 229-239 Plaintiff described a history of sexual abuse and about 20 years of methamphetamine use which she stopped two years prior. Tr. 229, 230. Plaintiff also reported being diagnosed with epilepsy which she attributed to her drug use. Tr. 230. Dr. Tibbitts found plaintiff to have marked limitations in several areas including the ability to get along with co-workers, the ability to perform activities within a schedule, the ability to maintain regular attendance and the ability to complete a normal workday and workweek. Tr. 236.

On February 11, 2010, Susan Atkinson, MS, conducted a psycho social assessment. Tr. 453-465. Plaintiff again linked her mental symptoms onset to her drug abuse, but asserted that she had stopped using methamphetamine in 2007. Tr. 460, 461.

On April 9, 2010, Plaintiff saw her primary treating physician, Dr. James Calvert, for treatment of another apparent seizure and he noted that she had not used methamphetamine for some time. Tr. 438. Dr. Calvert also began treating her for attention deficit disorder including prescribing stimulants. Tr. 438. On May 3, 2010, Dr. Calvert described plaintiff as "disabled" with "very significant psychiatric disease." Tr. 444.

On May 19, 2010, Dr. Kurt Slater, evaluated plaintiff for possible seizures. Tr. 419. Dr. Slater also noted methamphetamine addiction in the past reportedly in remission. Tr. 419, 420. Dr.

Page 2 - ORDER

Slater further noted that plaintiff is at risk of seizures given her methamphetamine abuse. Tr. 420.

On August 12, 2010, Dr. Calvert noted that plaintiff was "involved in a big methamphetamine bust, one of 12 people arrested in a large raid." Tr. 445. Dr. Calvert stopped prescribing stimulants for plaintiff's attention deficit disorder because she may be using methamphetamine. Tr. 445. Dr. Calvert noted that he thought plaintiff was in treatment for methamphetamine at the time. Tr. 445. As of November 2010, Dr. Calvert noted that plaintiff was still having a lot of seizures and also noted that she is "disabled." Tr. 447.

Plaintiff asserts that her medical providers have opined that plaintiff is disabled from working. As far as Dr. Calvert's opinion is concerned, he did not provide an assessment of plaintiff's limitations that demonstrate disability. However, Dr. Tibbitts assessment of numerous marked limitation in areas affecting plaintiff's ability to work do demonstrate disability. Nonetheless, Dr. Tibbitts' psychological evaluation relies primarily on plaintiff's subjective complaints. The ALJ found that Dr. Tibbitts was unaware that plaintiff lied to him and was motivated by a secondary gain to support a methamphetamine habit. Tr. 22.

Plaintiff's initial opening brief did not assign error to the ALJ's assessment of plaintiff's credibility, but only took issues with certain aspects of the credibility evaluation by the ALJ, i.e., plaintiff's daily activities and the assertion that plaintiff's seizures were well-controlled on medication. Plaintiff's Opening Brief (#16) at pp. 23-24. To the extent plaintiff contends in her reply brief that the ALJ erred in finding plaintiff to lack credibility overall, the Commissioner has not had an opportunity to respond to this argument and for that reason the court deems the argument waived. See, e.g., United States v. Moore, 376 F.3d 570, 576 (6th Cir. 2004) (declining to consider issues not raised in the opening brief); Winnett v. Caterpillar, Inc., 553 F.3d 1000, 1007 (6th Cir.

Page 3 - ORDER

2009) ("These waiver and forfeiture rules ensure fair and evenhanded litigation by requiring parties to disclose legal theories early enough in the case to give an opposing party time not only to respond but also to develop an adequate factual record supporting their side of the dispute."). Indeed, plaintiff asserts that she does not need to rely on her personal allegations, Opening Brief (#16) at p. 23, and plaintiff failed to appear to testify before the ALJ.

An ALJ may reject an examining physician's opinion that is based on the subjective reports of a plaintiff whom the ALJ has determined lacks credibility. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). Plaintiff does take issue with the ALJ's assessment of the significance of Dr. Calvert's treatment note regarding the methamphetamine bust asserting that the ALJ speculates that such demonstrates plaintiff lied about her methamphetamine use, but it is certainly a reasonable inference and plaintiff denied the ALJ an opportunity to get her explanation due to her failure to even appear, on two separate occasions, for own hearing. Accordingly, the ALJ did not err in rejecting Dr. Tibbitts' opinion.

The ALJ rejected Dr. Calvert's opinion as too vague. Tr. 22. Again plaintiff takes issues with the ALJ' assumption regarding plaintiff's methamphetamine addiction arguing the ALJ improperly assumed that Dr. Calvert's opinion of disability was based on such addiction. However, Dr. Calvert's notes are replete with a history of methamphetamine addiction and plaintiff's own assertion that her symptoms trace to her use of street drugs. In addition, on the occasions when Dr. Calvert did note disability, it is noted under "Social History." The ALJ did not err in drawing the inferences regarding Dr. Calvert's opinion and an ALJ may reject an opinion that is vague and unsupported. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (" when evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief,

Page 4 - ORDER

conclusory, and inadequately supported by clinical findings.").

To the extent plaintiff asserts that other medical evidence supports a finding of disability, again she has to tie it to her own allegations of seizures (unattributable to drug abuse) so numerous and severe so as to preclude gainful employment. However, as noted above, the ALJ found plaintiff's symptom allegations to lack credibility.[1]

Plaintiff's remaining allegations of error necessarily depend on acceptance of the properly rejected medical opinion and/or her own symptom allegations. The ALJ properly rejected such limitations and therefore, did not err in finding plaintiff not disabled.

### CONCLUSION

For the reasons stated above, the decision of the Commissioner is affirmed.

DATED this _4_ day of March, 2014.

_____
THOMAS M. COFFIN
United States Magistrate Judge

---

[1]Indeed, plaintiff's own mother indicated she witnessed no seizures during that last month prior to giving her Third Party Seizure Questionnaire, despite seeing her one to three times per week. Tr. 141, 143.

Page 5 - ORDER